**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**59. MODESTO RAMIREZ, a/k/a "SNOOPY"** | Criminal No. 15-10338-FDS |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

The United States submits this sentencing memorandum to assist the Court in imposing a just and reasonable sentence in the case against Modesto Ramirez a/k/a "Snoopy." The defendant is a member of MS-13 who conspired to commit murder in furtherance of the charged conspiracy. Pursuant to a plea agreement in which the parties agreed to submit a joint sentencing recommendation, the government asks the Court to impose a sentence of ***97 months in custody followed by 3 years of supervised release***. Such a sentence would be sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

  **I.**  **Defendant's Plea and Plea Agreement**

On May 17, 2018, the defendant pleaded guilty pursuant to a plea agreement under Rule 11(c)(1)(C). In relevant part, the key provisions of the plea agreement are as follows:

*First*, the parties agreed that the defendant's base offense level would be 33 because the defendant's racketeering activity involved a conspiracy to commit murder. *See* Plea Agreement, § 4.

1

*Second*, the parties agreed to recommend a sentence of 97 months in custody to be followed by 36 months of supervised release. *Id.* at § 5.

*Third*, the defendant waived his right to appeal both his conviction and his sentence. *Id.* at § 6.

## II.   The PSR Correctly Calculates the Guideline Range.

The PSR correctly calculates the defendant's Guideline Range by finding that the defendant's total offense level after acceptance is 30 (PSR at ¶¶ 40-49), resulting in a Guideline Range of 97 to 121 months (PSR at ¶83). This was also the Guideline Range contemplated by the parties when negotiating the Plea Agreement.

## III.   The Recommended Sentence is Appropriate

The nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote deterrence and respect for the law, and the other factors articulated in 18 U.S.C. § 3553(a) support the requested sentence of 97 months in custody to be followed by 36 months of supervised release.[1]

*First*, the defendant is a member of MS-13, arguably the most violent and dangerous criminal organization operating in the United States today. *See* PSR, ¶¶ 10-21 (describing MS-13 and the gang's propensity for violence); ¶¶ 22-23 (describing the Trece Locos Salvatrucha clique of MS-13 and the pattern of racketeering activity by the clique).

---

[1]   The defendant will be subject to deportation following the completion of his 97 months in custody. If he is not deported, the 36 months of supervised release will help further protect the community.

*Second*, the defendant not only joined the MS-13 conspiracy, but he conspired to commit murder of a rival gang member as part of his racketeering activity. *See* PSR, ¶¶ 25-26. The defendant would have followed through with this murder if his co-conspirator and fellow gang member Jose Aguilar Villanueva a/k/a Fantasma had not been killed. *See* PSR, ¶¶ 25-32 (explaining that Fantasma had been killed by MS-13 members based on an erroneous belief that he was cooperating with law enforcement).

*Third*, the defendant was communicating with leaders from the East Coast Program of MS-13 and was helping to set up his clique and organize things in Massachusetts. *See* PSR, ¶ 33. The defendant stated that the Program wanted him to kill a rival gang member in the near future. *Id.* Indeed, it appears that the defendant was included in the initial plan to murder Cristofer de la Cruz in January 2016. *See* PSR, ¶ 35. The defendant is not getting an enhancement for role in the offense and he is not getting an additional grouping for the January 2016 murder; however, these attendant facts strongly argue for nothing less than a guideline sentence. *Id.*

*Fourth*, the defendant had purchased a machete and told fellow gang members that he was planning to use the machete to attack rival gang members. *See* PSR, ¶ 34. The defendant also has a prior arrest from a March 2015 incident in which the defendant was found to be in possession of a knife. *See* PSR, ¶ 55 (the charge was eventually dismissed upon payment of court costs). In sum, the evidence strongly

suggests that the defendant was on a path where it was only a matter of time before he joined the list of MS-13 members who committed murder.

*Finally*, it is unclear whether the defendant has truly accepted responsibility, learned his lesson, and committed himself to following the law. During his period of pretrial detention, the defendant received numerous disciplinary tickets while at the Wyatt Detention Facility. *See* PSR, ¶ 5. Troublingly, just earlier this month, Wyatt alerted the government to an incident where the defendant was caught in possession of a manufactured weapon (shank) at the facility.

### IV.   Conclusion

The defendant's offense conduct and his conduct awaiting sentencing warrant nothing less than a Guideline sentence. For the reasons above, the Court should sentence the defendant to ***97 months in custody followed by 36 months of supervised release***.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   /s/ Kunal Pasricha
Kunal Pasricha
Glenn A. MacKinlay
Christopher Pohl
Kelly B. Lawrence
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify that the foregoing document was filed through the Electronic Court Filing (ECF) system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

/s/ Kunal Pasricha
KUNAL PASRICHA
Assistant United States Attorney