UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

**No. 15-10338-FDS**

UNITED STATES OF AMERICA,
                              Plaintiff

Vs.

MODESTO RAMIREZ, aka "SNOOPY"
                              Defendant

## DEFENDANT'S SENTENCING MEMORANDUM

Modesto Ramirez, aka "Snoopy" was a small, shy and vulnerable young man who was regrettably pressured into participating in a violent gang or risk the loss of his life and once there, played an unremarkable and minor role in the organization. Pursuant to a joint plea agreement in which the parties agreed to submit to a joint sentencing recommendation, the defendant asks the Court to impose a sentence of 97 months in custody followed by three years of supervised release that is consistent with the factors set forth in 18 U.S.C. § 3553 (a) and will result in a sentence that is sufficient, but not greater than necessary, to effectuate the purposes of sentencing. United States v. Kimbrough, 128 S.Ct. 558 (2007); United States v. Booker, 125 S.Ct. 738 (2005); United States v. Martin, 520 F.3d 87 (1st Cir. 2008); United States v. Rodriguez, 527 F.3d 221 (1st Cir. 2008).

**BACKGROUND**

Ms. Ramirez's childhood and personal circumstances are thoroughly detailed in the Presentence Report. On May 17, 2018, Mr. Ramirez pled guilty pursuant to plea agreement under Rule 11(c)(1)(C).

**The Instant Offense**

Mr. Ramirez admits that he is or was a member of MS-13 and the atrocities perpetuated by this criminal organization were unquestionably severe and horrific. However, punishing Mr. Ramirez with a sentence of incarceration of ninety-seven months will accurately account for his minor role in the organization and will send a message of deterrence to anyone in the community, will advance community safety, and will result in a sentence that will effectuate the purposes of sentencing. United States v. Kimbrough, supra (2007); United States v. Booker, supra; United States v. Martin, supra; United States v. Rodriguez, supra (1st Cir. 2008).

**ARGUMENT**

**A SENTENCE OF NINETY-SEVEN MONTHS AND SUPERVISED RELEASE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO EFFECTUATE THE SENTENCING GOALS OF 18 U.S.C. § 3553 (a).**

The Sentencing Guidelines are no longer are binding on the Court. United States v. Booker, 125 S.Ct. 738 (2005). Instead, under 18 U.S.C. § 3553 (a), the Court should impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in Section 3553(a)(2). In so doing, a sentencing court "may not presume that the Guidelines range is reasonable" but, instead, must use

the factors set forth in § 3553 (a), to "make an individualized assessment based on the facts presented." Gall v. United States, 128 S.Ct. 586, 596 (2007). Thus, district courts are now permitted to, and in the appropriate case, directed to consider whether disagreement with the Sentencing Commission's underlying policy results in a sentence that is unreasonably high. United States v. Kimbrough, 128 S.Ct. 558 at 575 (2007); United States v. Boardman, 528 F.3d 86 (1st Cir. 2008); United States v. Martin, 520 F.3d 87, 93-94 (1st Cir. 2008).

The First Circuit has stressed that Kimbrough requires a "more holistic inquiry" than simply relying on the sentencing guidelines and that "section 3553 (a) is more than a laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the tread of an overarching principle." United States v. Yonathan Rodriguez, 527 F.3d 221, 228 (1st Cir. 2008). That overarching principle is to "impose a sentence sufficient but not greater than necessary." Id. In reaching a decision on what constitutes an appropriate sentence, the district court should "consider all the relevant factors" and "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." Id. (Emphasis added).

**1.    A Sentence of Ninety-Seven Months and Three Years of Supervised Release Serves Section 3553(a)'s Sentencing Goals**

The seriousness of Mr. Ramirez's offense is substantially mitigated by the specific circumstances of the crimes attributable to him. There is no question that Mr. Ramirez was a member of the Trece Locos

Salvatrucha clique of MS-13.  However, Mr. Ramirez's real willingness to physically participate in its illicit and murderous activities should be subject to examination. There is substantial evidence provided by the Government that Mr. Ramirez was a reluctant participant in the misdeeds perpetuated by his co-conspirators.  The Government's evidence shows that Mr. Ramirez missed participating in the actual murder of Cristofer de la Cruz in January 2016 by oversleeping, and his colleagues, apparently cognizant of Mr. Ramirez's failure to appear and inferred lack of participatory enthusiasm, questioned Mr. Ramirez's real commitment to participating in the homicide.

Although there is wiretap surveillance of a conversation between Mr. Ramirez and his best friend, co-conspirator and fellow gang member Jose Aguilar Villanueva a/k/a Fantasma that evidences him conspiring to commit murder, the credibility of his words needs to be balanced in conjunction with Mr. Ramirez's relative lack of violent conduct and his arguable propensity for conflict avoidance.  Indeed, if actions speak louder than words, one might conjecture that Mr. Ramirez was engaged more in puffery than a meaningful planned objective.

Additionally, wiretap surveillance of Mr. Ramirez immediately after the murder of his compatriot and friend, Fantasma, reflect his great sorrow and anguish at the unnecessary murder and loss of his good friend that also stands in stark contrast to the glee expressed by his co-conspirators when committing acts of violence.  Finally, there is wiretap

surveillance of Mr. Ramirez's co-conspirators that suggest that several of them no longer believed and/or trusted Mr. Ramirez's willingness or dedication to fulfilling their violent agenda and but for his arrest, Mr. Ramirez might indeed have been murdered in the same manner as his best friend, Fantasma.

**CONCLUSION**

Mr. Ramirez is a defendant with virtually no criminal history who was recruited into the MS-13 criminal organization through fear, threats and intimidation like many others. Once there, however, it was evident that Mr. Ramirez had little fortitude to carry out the murderous agenda of his co-conspirators resulting in a very minor role to play compared with his co-conspirators. For the foregoing reasons, this Court should impose a sentence of ninety-seven months and a term of three-years of supervised release. The Court should impose no fine.

                                                        Respectfully Submitted,
                                                        Modesto Ramirez
                                                        By his counsel,

Date: 08/20/18                                 /s/ Vivianne Jeruchim_____
                                                        Vivianne Jeruchim, Esq.
                                                        BBO #547598
                                                        Jeruchim & Davenport, LLP
                                                        50 Congress St., Suite 615
                                                        Boston, MA 02109
                                                        617/720-6047

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered August 20, 2018.

Date: 08/20/18                                              /s/ Vivianne Jeruchim_____
                                                            Vivianne Jeruchim, Esq.